**Orval C. LOGUE, etc.,**
**Plaintiff-Appellee.**

v.

**UNITED STATES of America,**
**Defendant-Appellant.**

**No. 71–2426.**

United States Court of Appeals,
Fifth Circuit.

Jan. 21, 1974.

Anthony J. P. Farris, U. S. Atty., William L. Bowers, Jr., Asst. U. S. Atty., Houston, Tex., for defendant-appellant.

Wm. R. Edwards, Corpus Christi, Tex., Philip K. Maxwell, Corpus Christi, Tex., for plaintiff-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

The Supreme Court of the United States granted certiorari and by its opinion and mandate [1] vacated our prior judgment in this appeal,[2] and remanded the case "for consideration of the liability of the Government insofar as that liability may be based on the negligence of Deputy Marshal Bowers".

The Supreme Court agreed with our conclusion that the Deputy Marshal, Mr. Bowers, had no authority to control the activities of the employees of the sheriff

---

1. Logue et al., Petitioners v. United States, 1973, 412 U.S. 521, 93 S.Ct. 2215, 37 L.Ed.2d 121.

2. 5 Cir. 1972, 459 F.2d 408, rehearing and rehearing en banc denied, 5 Cir. 1972, 463 F.2d 1340.

of Nueces County at the county jail, as supported by both the enabling statute [3] and the contract actually entered into between the parties, the United States and Nueces County. This conclusion sustained approval of our resultant holding that the sheriff's employees were employed by a "contractor with the United States", and not therefore employees of a "federal agency", Title 28, U.S.C., Section 2671, and our corollary holding, 459 F.2d at 411, that "[t]he deputy marshal accordingly violated no duty of safekeeping with respect to the deceased".

But, said the Supreme Court, 412 U.S. at page 533, 93 S.Ct. at page 2222, the latter conclusion "appears to us to follow from the court's discussion of the nature of the intergovernmental relationship and the status of the sheriff's employees, rather than being a separate rejection of the finding of the District Court that Bowers himself was negligent." The remand was to permit our consideration of the distinct question regarding the negligence of Bowers. This appears to be based upon the concluding sentence of the district court's Finding of Fact No. 5: "No specific arrangements were made by the Deputy Marshal for constant surveillance of the prisoner, and this was negligence." [4] The district court made no other finding of negligence on the part of Deputy Marshal Bowers.

By an order entered August 1, 1973, we called for supplemental briefs from the parties dealing with the question of liability of the government "insofar as that liability may be based on the negligence of [U.S.] Deputy Marshal Bowers".

The supplemental brief of the United States asserts that the portion of the district court's Finding of Fact No. 5, quoted above, is clearly erroneous for two reasons, (a) because it requires the deputies to do something which they had no power to do, that is to supervise the internal management details of the county jail, and (b) because the testimony shows that Deputy Marshal Jones, Bowers' superior, had in fact made a request of the county jail employees to place jail trustees where they could watch the prisoner, which was agreed to, with the knowledge and understanding of Bowers and of Slocomb, the third Southern District of Texas Deputy Marshal involved in the arrangements.

The appellees' brief argues to the contrary that either Bowers or his superiors in the Marshal's Office or both knew that it would be unsafe to move Logue from the hospital back to the jail without constant supervision, and that the district court's finding of negligence is borne out by the evidence.

Our review of the district court's original memorandum and opinion, 334 F.Supp. 322, reinforces the view we had when the appeal came to this panel originally, that the main consideration of the district court's findings and conclusions centered upon establishing the government's liability for negligently permitting Logue to take his life in the Nueces County Jail under a theory that the "contract" exception to the Federal Tort Claims Act, Title 28, U.S.C., Section 2671, was not applicable to the situation present. The quoted concluding sentence from Finding of Fact No. 5 without delineation of supporting facts may well have been no more gratuitous statement made without full consideration of

---

3. Title 18, U.S.C., Section 4002.

4. Finding of fact No. 5 in its entirety read as follows:
"5. Deputy Bowers knew the prisoner had serious suicidal tendencies and should be protected against injuring or killing himself, and at Deputy Bowers' request, the prisoner was put in a cell which had been stripped of everything except the bunk with a mattress, the commode and wash basin. The steel walls and ceiling of the cell were symetrically perforated with round holes about the size of a half dollar. There was no ceiling light fixture. No specific arrangements were made by the Deputy Marshal for constant surveillance of the prisoner, and this was negligence." Logue v. United States, S.D.Tex.1971, 334 F.Supp. 322, p. 324.

its implications. This may also not be the case, but we think, in view of the critical importance it has now taken on, the finding requires explication by the District Court.

Further consideration of the negligence vel non of Deputy Marshal Bowers, as well as that of Jones and Slocomb and any other government personnel involved, not limited to the alleged failure to make "specific arrangements * * * for constant surveillance of the prisoner", should in the first instance be undertaken by the trial court, upon the original or upon a supplemented record. Complete findings of fact and conclusions of law should be entered by the district court.

This cause is remanded for further proceedings before the district court consistent with this opinion.